HUNTINGTON *v.* HARTFORD HEEL-PLATE CO.

(*Circuit Court, D. Connecticut.* February 9, 1888.)

PATENTS FOR INVENTIONS—ANTICIPATION—HEEL PLATES.

The Pyke English patent, as a whole, shows a theoretical and fanciful method of making shoes, but it shows a last, the edge of which is a steel plate formed with radially placed inclines surrounding the entire edge of the last. Nails or brads being forced through the sole and insole, "their points come against the inclines of the last, and are thereby clinched or riveted." *Held,* that the Pyke patent is an anticipation of letters patent No. 296,623, to Frederick Richardson, for securing heel plates to rubber shoes, as the latter should be construed.

In Equity. On motion to dissolve injunction.

This is a motion by the Hartford Heel-Plate Company, defendant, to dissolve the preliminary injunction granted to restrain the infringement of letters patent No. 296,623, to Frederick Richardson, for a die for securing heel-plates to rubber shoes. See *ante*, 281. The motion is based upon the alleged fact that English letters patent of 1851, No. 13,-621, to James Pyke, which were found during an examination which was instituted after the hearing of the motion for an injunction, contain the radially placed inclined planes of the plaintiff's patent.

*Wm. Edgar Simonds*, for plaintiff.

*Charles E. Mitchell*, for defendant.

SHIPMAN, J. This is a motion to dissolve the preliminary injunction which was recently granted against the infringement of letters patent No. 296,623, to Frederick Richardson, for die for securing heel-plates to rubber shoes. The motion is based upon the alleged fact that the English letters patent of 1851, No. 13,621, to James Pyke, which were found during an examination which was instituted after the hearing of the motion for an injunction, contain the radially placed inclined planes of the plaintiff's patent.

The Pyke patent, as a whole, shows a theoretical and fanciful method of making shoes, but it also shows a last, the edge of which is a steel plate formed with radially placed inclines surrounding the entire edge of the last. Nails or brads being forced through the sole and insole, "their points come against the inclines of the last, and are thereby clinched or riveted."

The Richardson patent, as it was said in the former opinion, is a narrow one, and is limited to radially placed inclined planes, which serve to curve and clinch the ends of the prongs. I do not think that it can be successfully claimed that the Pyke patent does not show this feature, although it can probably be successfully insisted that the English invention, as a whole, was useless and was a failure.

It is said by the complainant that the inclines of the Pyke patent are all in the same direction, and that the Richardson patent should be construed to be for radially inclined planes, the inclines of which are placed in opposite directions. Inasmuch as the specification stated that "these inclines may also be placed, as shown in the die, D, (shown in Fig. 4,) so that each pair of pins are turned and bent towards each other and forced into the material;" and as no stress was placed upon the direction of the inclines in the statement of the invention; and as the claims did not limit the invention in this respect; and as this construction of the patent was not suggested in the affidavit of the plaintiff's expert, which was used upon the original motion,—I do not think that it is wise, upon the decision of this motion, to place such a construction at the *ex parte* suggestion of the plaintiff, in order to free the patent from the question of novelty. If this feature is of importance, the exact restriction which properly belongs to the invention can be placed upon it by a disclaimer.

A good deal was said upon the hearing of this motion in regard to

business grievances, at the instance of the plaintiff, which made a disso-
lution of the injunction important to the defendant.    I do not propose
to enter into the conflicting equities of this part of the case, but to look
simply at the rights of the parties by virtue of patents.

I think that the Pyke patent is an anticipation of the Richardson
patent, as the latter ought now to be construed, and that therefore the
injunction should be dissolved.